## Cundiff, et al. v. Shackelford, et al.

(Decided November 14, 1912.)

### Appeal from Breathitt Circuit Court.

Deeds—Reservation—Estate Reserved—Waste.—Where a husband and wife convey lands to the sons of the husband, reserving a certain boundary during their lifetime, with "a full and unconditional control during both their lifetimes," with a further provision that the sons "are not to interfere in any way with the reserved boundary" during the lifetimes of the grantors, the grantors retain more than a mere life estate, and though they may not commit wanton or malicious waste, they may sell such of the standing timber as may be reasonably necessary for fuel, repairs or improvements, or for their comfortable support.

W. L. KASH and KELLY KASH for appellants.

LEONIDAS REDWINE for appellees.

Plaintiffs, Joseph Cundiff and W. T. Cundiff, claiming to be joint owners of a certain tract of land in Breathitt County, Kentucky, subject to the life estate of Martha Shackelford, and that Martha Shackelford had sold certain standing timber thereon to Tom Rose, who had manufactured the same into railroad ties, brought this action against defendants, Martha Shackelford and Tom Rose, to recover the value of the timber so cut and removed, and to enjoin them from further cutting and removing the standing timber from the land. A specific attachment covering the railroad ties was asked and obtained. The defendants defended on the ground that Martha Shackelford had more than a mere life estate in the land from which the timber was cut, and she had the right, therefore, to cut and dispose of the standing timber. On final hearing, plaintiffs' petition was dismissed, the injunction dissolved and the attachment discharged, the court holding that defendant, Martha Shackelford, had free control and use of the land, including the standing timber necessary for her reasonable support, so long as she lived. The court further adjudged that Martha Shackelford might continue to use and dispose of such of the timber on the boundary of the land in question as was necessary for repairs and improvements on said land, and for her support, so long as she lived. Plaintiffs appeal.

The facts are as follows:

On November 18, 1891, Berry Shackelford and Martha Shackelford, his second wife, conveyed to J. G. Shackelford and J. D. Shackelford, sons of Berry Shackelford by his first wife, two adjoining tracts of land, situated on the North Fork of the Kentucky River, in Breathitt County. These two tracts do not appear to have been given by Berry Shackelford to his sons, but were purchased by them. On the same day, and as a part of the same transaction, J. G. Shackelford and J. D. Shackelford executed and delivered to Berry Shackelford and Martha Shackelford a deed to a tract of land consisting of about 60 acres, and embraced in the two tracts which Berry Shackelford and wife had conveyed to J. G. and J. D. Shackelford. Berry Shackelford died a few months later, and Martha Shackelford remained

in possession and control of that portion of the land conveyed by them.

On May 10, 1910, plaintiffs purchased of J. D. Shackelford his portion of the land conveyed to him by his father and Martha Shackelford.

When this action was brought, Tom Rose was engaged in cutting ties. He cut and removed about twenty-nine trees from that portion of plaintiffs' tract of land covered by the life estate of Martha Shackelford.

The deed from J. G. and J. D. Shackelford to Berry Shackelford and Martha Shackelford contains the following provision:

"The said Berry Shackelford and Martha Shackelford, his wife, retains and holds during both their natural lifetime the following boundary of land which is included in the deeds this day made by them to the said J. G. Shackelford and J. D. Shackelford, which is mutually agreed to by all parties, and it is fully agreed and expressly understood that the said Berry Shackelford and Martha Shackelford are to have a full and unconditional control during both their lifetimes without any other sale or division of the following described boundary of land to-wit: (Here follows description.) To have and to hold said land, together with all and singular the privileges and appurtenances thereunto belonging or in anywise appertaining thereunto, and it is further understood that the said J. G. Shackelford and J. D. Shackelford are not to interfere in any way with the reserved boundary of the said Berry Shackelford and Martha Shackelford during either of their lifetimes."

It is plain that if Martha Shackelford is a mere life tenant, she had no right to cut and remove the timber in question, unless good husbandry required its removal, or unless it was reasonably necessary for fuel, repairs or improvements.

The first question, then, is: Is she a mere life tenant, or has she an estate which is unimpeachable for waste? It has been held that an estate unimpeachable for waste is created by the words "to have and to hold and to use and control as the lessee thinks proper for his benefit during his natural life." Stephens v. Rose, 69 Mich., 259. An estate which is unimpeachable for waste has also been held to be created by devise of a life estate which gives the devisee "the use and full control" of the estate. Wiley v. Wiley (Neb., 1901), 95 N. W., 702.

Or which gives him the "full and entire use." White v. Briggs, 15 Sim. 17, 2 Phil., 583. In the case of Chappel, et al. v. Chappel, 119 S. W., 218, where Reuben Chappel and wife conveyed to their son a certain tract of land, retaining "the right to live on the land and use the same as they wished their lifetime," it was held that they retained more than a life estate, and while they could not thereafter sell the fee of the land or mineral rights, they could use the timber and mineral privileges in any manner necessary for their comfortable support, and could sell the timber thereon for that purpose. In the case at bar if the grantors had intended to retain a mere life estate, it would have been sufficient to conclude the deed with the provision "retains and holds during both their natural lifetime the following boundary of land, etc." However, the deed does not stop there. It provides that Berry Shackelford and Martha Shackelford are to have the full and unconditional control during both their lifetimes, without any other sale or division of the land in question. Not only so, but the deed contains the additional provision that Berry Shackelford and Martha Shackelford are "to have and to hold said land, together with all and singular the privileges and appurtenances thereunto belonging or in anywise appertaining thereunto, and it is further understood that the said J. G. Shackelford and J. D. Shackelford are not to interfere in any way with the reserved boundary of the said Berry Shackelford and Martha Shackelford during either of their lifetimes." To conclude under these circumstances that Martha Shackelford has a mere life estate in the land in question would be to disregard entirely these additional clauses, and to hold that the parties intended nothing by the language employed. Berry Shackelford and Martha Shackelford retained not merely the control, but the full and unconditional control, of the premises. Furthermore, their sons were not to interfere in any way with the boundary of land retained by them. It seems to us that the estate so created is fully as broad as that retained by Reuben Chappel and wife in the deed above referred to; as there is practically no difference between the right of the life tenant to live on the land and use it as he may wish and the unconditional control of the land during his lifetime, with no right on the part of his grantors to interfere in any way with the boundary of land conveyed by them. It appears

in the present case that Martha Shackelford has practically nothing in addition to the land in question. She is sixty-eight years of age. It does not appear that she was guilty of wanton and malicious waste in selling the timber in question, but she sold the timber to pay for necessary repairs, to purchase medicine, and to provide for her comfortable support. This, we think, she had a right to do.

Judgment affirmed.